IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| IN RE: | DOUGLAS WAYNE WRIGHT | CASE NO. 6:03-74601 JGM |
| | DEBORAH L. WRIGHT | CHAPTER 13 |
| | Debtors | |

DOUGLAS WAYNE WRIGHT, and
DEBORAH L. WRIGHT                                                                                    PLAINTIFFS

VS.                                     A.P. No. 6:03-ap-7126

COMPASS BANK                                                                                          DEFENDANT

**ANSWER**

Comes the Defendant, Compass Bank, by and through its attorney, Geoffrey Thompson and for its answer to the Complaint of the Plaintiff, admits, denies and states as follows:

1. Admits the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that counsel for Plaintiffs provided a Notice of Bankruptcy Case Filing to the Defendant by facsimile transmission on July 10, 2003 but is without sufficient information, knowledge, or belief to either admit or deny the time that said Notice was received.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Admits that the Vehicle is presently the property of the estate, but pleading affirmitavely Defendant states that a Motion for Relief from Automatic Stay has been filed regarding

the Vehicle.

9. Defendant is without sufficient information, knowledge, or belief to either admit or deny those allegations contained in paragraph 9 of the Complaint.

10. Defendant is without sufficient information, knowledge, or belief to either admit or deny those allegations contained in paragraph 10 of the Complaint and therefore denies same. Pleading affirmitavely Defendant is aware that Plaintiff has other vehicles and that the vehicle in question is not Plaintiff's only made of transportation.

11. Defendant admits that counsel for Plaintiffs contacted Defendant and made attempts to pick up said vehicle, but pleading affirmitavely Defendant is unable to return the vehicle to Plaintiffs residence or willing to have Plaintiffs pick up at Defendant's place of business for safety reasons because Plaintiff shot Defendant's agent with a firearm after Defendant's agent attempted to remove the Vehicle.

12. Defendant admits that under normal circumstances Plaintiffs are entitled to the return of the subject vehicle, but pleading affirmitavely Defendant is unable to return the vehicle to Plaintiffs residence or to have Plaintiffs pick up the Vehicle at Defendant's place of business for safety reasons as the repossession agent was misled by Plaintiff and fired upon by Plaintiff when he attempted to pick up the Vehicle.  Further Defendant states that they have filed a Motion for Relief from Automatic Stay as Plaintiffs have no equity in the Vehicle and it is not needed for effective reorganization.

13. Defendant denies any and all allegations not heretofore specifically admitted and reserves the right to plead further.

WHEREFORE, premises considered, Defendant prays that the Complaint of the Plaintiffs be dismissed, for its costs and fees, and for all other proper relief to which it may be entitled.

Respectfully submitted,

SOUTHERN & ALLEN
P.O. Box 17248
Little Rock, Arkansas 72222
(501) 227-2000

BY \s\ GEOFFREY THOMPSON
    Geoffrey Thompson #02093
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

On this 25th day of August, 2003, a copy of the above and foregoing was mailed to Marc Honey, Attorney at Law, P.O. Box 1254, Hot Springs, AR 71902.

\s\ GEOFFREY THOMPSON
Geoffrey Thompson