**SOUTHERN & ALLEN**
**Attorneys at Law**
**12410 Cantrell, Suite 100**
**Little Rock, Arkansas 72223**

Byron S. Southern
Henry A. "Gus" Allen
Ronnie L. Jordan
Christian W. Frank

www.southernallen.com

Mailing Address
Post Office Box 17248
Little Rock, AR 72222

(501) 227-2000
Fax (501) 707-1214

September 29, 2003

Marc Honey, Esq.
HONEY LAW FIRM
P.O. Box 1254
Hot Springs, AR 72205

RE: Douglas & Deborah Wright, 03-74601 & AP No. 03-7126 JGM

Dear Marc:

## NOTICE

Please take notice that Plaintiff herein, Compass Bank, intends to introduce certain business records into evidence in this action pursuant to F.R.E.§§ 803 (6), 902 (11) and in compliance with 28 U.S.C. §1732, and 28 U.S.C. §1746. Copies of said records and the required certification are hereby served upon Defendant.

Sincerely,

Christian W. Frank

CWF/rr
Enc.

# CERTIFICATE OF SERVICE

I, Christian W. Frank, hereby certify that a copies of the above Notice, Records, and Certification Affidavit were sent by U.S. Mail and Via Fax this 29th day of September, 2003, to:

Marc Honey, Esq.
HONEY LAW FIRM
P.O. Box 1254
Hot Springs, AR 72205

VIA FAX
1-501-321-1255

Christian W. Frank

**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION**

**IN RE: DOUGLAS WAYNE WRIGHT** **NO. 6:03-bk-74601 JGM**

**DEBORAH L. WRIGHT** **CHAPTER 7**

**Debtors**

**COMPASS BANK**

**MOVANT**

**VS.**

**DOUGLAS WAYNE WRIGHT; and
DEBORAH L. WRIGHT; and
JO-ANN L. GOLDMAN
RESPONDENTS**

**CERTIFICATION, DECLARATION AND AFFIDAVIT**

Before me, the undersigned authority, personally appeared Nancy McGowan, who, being by me duly sworn, deposed as follows:

1. My name is Nancy McGowan. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

2. I am employed as Repossession Co-ordinator of Compass Bank.

3. In such capacity, I am a custodian of the records of Plaintiff which are maintained by Compass Bank.

4. Attached hereto are copies of records from Compass Bank on account numbered 77-01279718. These said records are kept by Compass Bank in the regular course of business, that it was the regular practice of Compass Bank to keep such records, and it was the regular course of business of Compass Bank for an employee or representative of Compass Bank, with knowledge of the event recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of occurrence. The records

attached hereto are the original or exact duplicates of the original.

5. After the allowance of all credits, the sum of $ 12,400.93 is currently due from the above named Defendant.

**I declare under penalty of perjury that the foregoing is true and correct.**

Further Affiant sayeth not.

Nancy McGowan
Affiant

9-26-03
Date

## ACKNOWLEDGMENT

STATE OF Alabama )
)SS
COUNTY OF Jefferson )

On this 26th day of September, 2003, before me, Monica Morgan, a Notary Public duly commissioned, qualified and acting, within and for said County and State appeared in person the within named Nancy McGowan to me personally well known, who stated he/she is the Repossession Co-ordinator of Compass Bank, a corporation, and is fully authorized in his/her respective capacity to execute the foregoing instrument for the uses and purposes therein contained.

In Testimony Whereof, I have hereunto set my hand and official seal this 26th day of September, 2003.

Monica Morgan
Notary Public

Monica Morgan
Notary's printed name

My Commission Expires: Dec. 13, 2006

 6:03-ap-07126 Doc#: 10 Filed: 09/29/03 Entered: 09/29/03 14:36:27 Page 5 of 9

ACTIVE View Account Birthdate 4/07/53

Acct...: 000000000007701279718 Status........: 001
Tax Id : 431044287 Gtr: Y Product Type.: 1912
Name...: WRIGHT, DEBORA Officer.......: 0102 00
Name 2.: , Recoverer....: 1301
Address: 142 GUINN LANE Agency/Atty..:
Address: Interest %...: 10.950
City...: HOT SPRINGS AR 71913-0000 Chrg Off Date: 9/19/03
Ph(Ho).: 5017601242 5012822879 Received.....: 9/17/03
Contact Frequency: Income %..: 99.00 Assigned.....: 0/00/00
Payment Frequency: Commission% Contract Date: 1/10/03

| | Original | | |
|---|---|---|---|
| Charge-Off Amt..: | 12,400.93 | Last Contact.: | 0/00/00 |
| Recovered Princ.: | | Next Contact.: | 0/00/00 |
| Net Charge Off..: | 12,400.93 | Last Payment.: | 4/15/03 |
| Associated Costs: | | Payment Due..: | 0/00/00 |
| Recovered Costs.: | | Judgment Date: | 0/00/00 |
| Accrued Interest: | | Dead Transfer: | 0/00/00 |
| Recovered Int...: | | Payment.: | |
| Account Balance.: | 12,400.93 | Past Due: | |

F3 Go Back F13 Debtor Summary

```
AMHS          09/26/03          HISTORY SUMMARY          09:35:06
CUR                                   *CHARGED OFF*DO NOT QUOTE PAYOFF - SEE
CTL2 077 CTL3 000 CTL4 0000 ACCT 00000001279718 WRIGHT DEBORA
START DATE 01/10/03

OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC

OPT  EFF DATE TRAN DESCRIPTION                TRAN AMOUNT          POST BALANCE
     01/10/03 7001 LOAN FUNDING                11,191.00             12,878.60
     02/15/03 8080 REGULAR PAYMENT                280.20             12,737.48
     03/15/03 8080 REGULAR PAYMENT                280.20             12,564.28
     04/15/03 8080 REGULAR PAYMENT                280.20             12,400.93
     07/08/03 2013 ACCT F/M UPDATE   FLD = LEGAL STAT               NEW = 10
     07/09/03 2013 ACCT F/M UPDATE   FLD = MESSAGE CODE             NEW = 99

PF2-NEXT PAGE  PF3-PREV PAGE  PF6-SELECT  PF11-CUST SERV  PF12-CUST SERV HIST
AMPCHSIS AM1244 I: END OF DATA FOR THIS DATE RANGE                       LAST
4-©                 1 Sess-1                           TCP01502           3/35
```

```
AMHS          09/26/03          HISTORY SUMMARY          09:35:06
CUR                                   *CHARGED OFF*DO NOT QUOTE PAYOFF - SEE
CTL2 077 CTL3 000 CTL4 0000 ACCT 00000001279718 WRIGHT DEBORA
START DATE 07/10/03

OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC

OPT  EFF DATE TRAN DESCRIPTION              TRAN AMOUNT          POST BALANCE
     07/10/03 2013 ACCT F/M UPDATE   MULTIPLE FIELDS
     07/10/03 3030 SET NONACCRUAL    KEY = EXP 01
     07/10/03 7070 MOVE TO NONACCR              5.00              12,400.93
     07/10/03 7072 INC NON RECVY                5.00              12,400.93
     07/10/03 3030 SET NONACCRUAL    KEY = INT 01
     07/10/03 7070 MOVE TO NONACCR            319.94              12,400.93
     07/10/03 7072 INC NON RECVY              319.94              12,400.93
     08/12/03 2013 CREDIT SC 3       FLD = USER GROUP 4         NEW = 0522
     09/05/03 2013 ACCT F/M UPDATE   FLD = LEGAL STAT           NEW = 25
     09/17/03 7083 CHARGEOFF               12,400.93                    .00
     09/17/03 7052 DEC NONACC RCVY            576.64                    .00
     09/17/03 3029 ACCR GRP ST CHG   KEY = INT 01
     09/17/03 7067 INC NONACCR ADJ             42.50                    .00
     09/17/03 2013 ACCT F/M UPDATE   FLD = STOP ALL CORRESP     NEW = Y
PF2-NEXT PAGE  PF3-PREV PAGE  PF6-SELECT  PF11-CUST SERV  PF12-CUST SERV HIST
AMPCHSIS AM1244 I: END OF DATA FOR THIS DATE RANGE                       LAST
4-©              1 Sess-1                             TCP01502           3/35
```

RETAIL INSTALLMENT CONTRACT

No. 04279710
Date 01/10/03

Buyer DEBORAH WRIGHT DOUGLAS WRIGHT
Address 142 GUINN LANE HOT SPRINGS, AR 71913
"You" and "your" means each Buyer above and guarantor, jointly and severally.

Seller LANDERS BUICK-PONTIAC-GMC TRK INC
Address 19236 I-30 BENTON AR 72015
"We" and "us" means the Seller above, its successors and assigns.

SALE: You agree to purchase the property (and/or services) described below according to the following terms, including those on the reverse side. You agree to pay us the principal sum of: TWELVE THOUSAND EIGHT HUNDRED AND SEVENTY EIGHT AND 60/100 dollars ($ 12878.60) plus interest at the rate of 10.95 % per year from 01/10/03 until paid in full. You agree to pay this amount as follows:
☒ (a) In 60 installments of $ 280.20 each, beginning FEB 15th, 20 03 and continuing on the same day of each ☒ month ☐ ____ from then on until paid in full.
☐ (b)

SIMPLE INTEREST CONTRACT: When you make a payment it will be applied first to the amount of finance charge due and any remainder to reduce the unpaid balance of the amount financed. The finance charge disclosed below is based upon the assumption that all payments will be made as scheduled. The actual finance charge may vary depending upon your payment record. The final payment will be the balance due of the amount financed plus any finance charges due to final payment date.

☒ You agree to pay a late charge of N/A % of the unpaid amount of an installment which is not paid within N/A days of when it is due, up to a maximum of $ N/A
☐ You agree to pay a minimum finance charge of $ N/A if you pay this contract off before we have earned that much in interest.

SECURITY: You give us a purchase money security interest in the property described below, including all accessions, attachments, accessories, equipment and all proceeds from the property. WARRANTY INFORMATION IS SUPPLIED TO YOU SEPARATELY.

| MAKE | YEAR | MODEL | BODY TYPE | LICENSE NO./YEAR | SERIAL NO. |
|---|---|---|---|---|---|
| FORD TRUCK | 2000 | RANGER | 2D-D.VANNUCCI | T11-08 | 1FTYR14C4YTA63471 |

Other Description:

912CA/1945B

JAN 17 2003

JAN 5 2003

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ N/A |
|---|---|---|---|---|
| 10.95 % | $ 3933.40 | $ 12878.60 | $ 16812.00 | $ 16812.00 |

| Your Payment Schedule will be: | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|
| | 60 | $ 280.20 | MONTHLY BEGINNING 02/15/03 |
| | | $ N/A | |
| | | $ N/A | |

Security: You are giving us a security interest in the goods or property being purchased.
☒ Late Charge: You will be charged N/A % of the unpaid amount of an installment that is late by more than N/A days after it is due of up to $ N/A
Prepayment: If you pay off this contract early, you will not have to pay a penalty.
You can see your contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties. "e" means an estimate.

CREDIT INSURANCE
Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | N/A | |
| Credit Disability | 759.90 | 60 |
| Joint Credit Life | 927.70 | 60 |

You ☐ do ☒ do not want credit life insurance.
X
You ☒ do ☐ do not want credit disability insurance.
X Deborah Wright
You ☒ do ☐ do not want joint credit life insurance.
X Deborah Wright
XX Doug Wright

IF YOU PREPAY YOUR OBLIGATIONS UNDER THIS CONTRACT IN FULL OR FOR ANY OTHER REASON YOUR CREDIT INSURANCE IS VOLUNTARILY TERMINATED BY YOU PRIOR TO THE MATURITY OF THIS CONTRACT, YOU MAY BE ENTITLED TO A REFUND OF UNEARNED PREMIUMS. YOU AGREE THAT ANY SUCH REFUND MAY BE CALCULATED IN ACCORDANCE WITH THE "RULE OF 78".

PROPERTY INSURANCE
You may obtain property insurance from anyone that is acceptable to us. If you get the insurance from or through us you will pay $ N/A for N/A of coverage.
The property insurance premium is calculated as follows:
☐ Fire-Theft and Combined Add'l. Coverage $ N/A
☐ N/A Deductible Comprehensive Cov. $ N/A
☐ N/A Deductible Collision Coverage $ N/A
☐ $ N/A

**The above insurance does not include liability insurance coverage for bodily injury and property damage unless such insurance is specifically described above.**

ITEMIZATION OF AMOUNT FINANCED
1. Cash Price (excluding Sales Tax) $ 9000.00
2. Down Payment Computation
Description of Trade-In
(a) Gross Trade-In Allowance $ N/A
(b) Pay-Off (if any) $ N/A
(c) Net Trade-In (a minus b) $ N/A
(d) Cash Down Payment $ N/A
(e) Total Down Payment (c plus d) $ N/A
3. Unpaid Balance of Cash Price (1 minus 2(e)) $ 9000.00
4. Other Charges (We may be retaining a portion of this amount):
(a) To Insurance Companies $ 1687.60
(b) To Public Officials $ 1.00
(c) IBEX GAP PROT $ 495.00
(d) EXT. SERVICE CONT. $ 1695.00
5. Subtotal (3 plus 4(a) through 4(d)) $ 12878.60
6. Prepaid Finance Charges $ N/A
7. Amount Financed (5 minus 6) $ 12878.60

NOTICE TO THE BUYER: DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.

YOU ALSO AGREE TO THE TERMS ON THE REVERSE SIDE OF THIS CONTRACT, INCLUDING WITHOUT LIMITATION THE CHOICE OF ALABAMA LAW.

BUYER ACKNOWLEDGES RECEIPT OF A COPY OF THIS RETAIL INSTALLMENT CONTRACT

1. Signed Deborah Wright Buyer
2. Signed Doug Wright Buyer
3. Signed ____ Buyer
Signed [signature] For Seller
Title ____

ASSIGNMENT
Seller assigns this contract on JAN 10th, 20 03 to Compass Bank, 100 Greensprings Highway Homewood, AL 35209 in accordance with the Seller's Assignment appearing on the reverse side. The assignment is without recourse.

LANDERS BUICK-PONTIAC-GMC TRK INC (Seller)
By [signature] Title ____

CBRIC-AR 08 02

LENDER

MOTOR VEHICLE

## ADDITIONAL TERMS OF THE CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS** - As used in this document, "contract" includes the terms of the security agreement. You have been given an opportunity to purchase the property on the front side for the cash price or the total sale price, which is the total price of the property if you buy it over time. The total sale price disclosed in the outlined box on the front side is based on the terms in effect today and the assumption that all payments will be made as scheduled. The actual total sale price may be more or less than the amount disclosed depending on your payment record. You agree to buy this property from us at the actual total sale price according to the terms of this contract.

**You agree that this contract will be governed by applicable federal law and by the internal laws of Alabama, where it is finally accepted and approved. You agree that this and any other written agreement pertaining to this sale contain all of the terms and provisions of your agreement with us and that we have not made any oral warranties or promises regarding the secured property. This contract takes effect when signed by you and then accepted by Compass Bank in Alabama.**

Any term of this contract which does not comply with applicable law will not be effective if that law does not expressly or impliedly permit variations by agreement. If any part of this contract or security agreement cannot be enforced according to its terms, this fact will not affect the balance of the contract and security agreement.

**PREPAYMENT** - You may prepay this contract in whole or in part at any time. If you prepay in part, you must still make each later payment as it becomes due until this contract is paid in full.

**COSTS OF COLLECTION AND ATTORNEYS' FEES** - You agree to pay us all reasonable costs we incur to collect this debt or realize on any security. This includes attorneys' fees not exceeding 10% of the amount due and payable under the contract, if referred to an attorney not a salaried employee of ours. This provision shall also apply if you file a petition or any other claim or relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against you by another.

**POST-MATURITY INTEREST** - Interest will continue to accrue on any unpaid balance of this contract after maturity at the same rate as interest accrues prior to maturity.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - By giving us this security interest, you represent and agree:

(a) you will defend this property against any claim made by anyone else, and will do whatever is necessary to preserve our status in the property;

(b) the security interest you are giving us in this property has first priority over the claim of any other of your general or secured creditors. You have signed or immediately will sign any additional documents or provide us with any additional information we may require to perfect and preserve our first priority in this property. You will not hereafter do anything to defeat our position;

(c) you will keep the property in your possession in good condition and repair, and use it only for the lawful purposes for which it was intended. Unless otherwise agreed in writing, the property will be located at your address listed on the front side of this form;

(d) you will not attempt to sell the property (unless it is inventory and identified as such) or otherwise transfer any rights in this property to anyone else. You will not permit the property to become attached to any real estate without first providing us an opportunity to preserve our first priority status;

(e) you will pay all taxes and assessments on the property as they become due;

(f) you will provide us reasonable access to the property for the purpose of inspection, and notify us of any loss or damage; and

(g) that the certificate of title to this property, if any, shall be endorsed to show the security interest we have in this property.

**DEFAULT** - You will be in default on this contract if any one or more of the following occurs (except as prohibited by law):

(a) you fail to make a payment on this contract in full when due;

(b) you die or are declared incompetent;

(c) you fail to keep any promise contained in this contract;

(d) you become insolvent (either your liabilities exceed your assets or you are unable to pay your debts as they become due);

(e) any legal entity (such as a partnership or corporation) that has agreed to pay this contract, merges, dissolves, reorganizes, or terminates its business or existence; or

(f) any event occurs or fact appears that causes us to deem ourself insecure, or impairs the prospect of payment or realization upon the collateral.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES** - If you are in default on this contract, we have all of the remedies provided by law and this contract. We may:

(a) accelerate the due date of the contract, making all unpaid principal, accrued interest, and all other agreed charges immediately due;

(b) pay taxes, assessments, or other liens or make repairs to the property if you have not done so. We are not required to do so, however, if we do, the amount we pay will be added to secured obligations, will be immediately due, and will accrue interest at the rate in effect on this contract, until paid in full;

(c) require you to assemble the property and make it available to us at a place we designate which is reasonably convenient to you and us;

(d) immediately repossess property by legal process or self-help, without the use of force. We may then sell the property and apply the proceeds as provided by law to our expenses and then toward your secured obligations. Expenses include our cost of repossession, cost of holding the property, attorneys' fees (where permitted), repairs (if necessary) and costs of sale, and

(e) be entitled to a deficiency judgment against you if the proceeds of the sale do not pay all of the expenses and secured obligations (except where prohibited by law).

By choosing any one or more of these remedies, we do not waive our right to later use any other remedy. We do not waive a default if we choose not to use any remedy and, by electing not to use any remedy, we do not waive our right to later consider the event a default and to immediately use any remedies if it continues or occurs again.

You agree that if any notice is required to be provided to you of the intended sale or disposition of the property, this notice will be considered reasonable if provided by mail addressed to you at the address listed on the front side of this form, and mailed to you at least 10 days before the date of the intended disposition (or such other period of time as is required by law).

**OBLIGATIONS INDEPENDENT** - Each buyer or guarantor who signs this contract agrees jointly and severally to pay according to its terms. This means that:

(a) you must pay this contract even if someone else has signed it;

(b) we may release any co-signer or guarantor and you will still be obligated to pay the contract;

(c) we may release any security and you will still be obligated to pay the contract;

(d) waiver by us of any of our rights will not affect your duty to pay this contract; and

(e) extending new credit or renewing this contract will not affect your duty to pay this contract.

**WAIVER** - You waive (to the extent permitted by law) demand, presentment, notice of acceleration, notice of intention to accelerate, protest, notice of dishonor and notice of protest. This means you give up the right to require us to demand payments of the amount due, to give notice that amounts due have not been paid or to give notice that we are making the contract immediately due.

**FTC NOTICES**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**INSURANCE** - You agree to purchase insurance on the property against such risks and in such amounts as we may reasonably require. In addition, you agree as follows:

(a) you will arrange for us to be named as loss payee on any such policy so that any benefits arising from the insured risks will first be paid to us for application toward the secured obligations;

(b) you agree that we may, in the event of a loss, require additional security or assurances of payment of the secured obligations as a condition of permitting any insurance benefits to be used for repair or replacement of the property;

(c) you agree to purchase insurance from a company which is authorized to do business in Arkansas and that is reasonably acceptable to us;

(d) you will maintain this insurance until all the secured obligations are paid in full; and

(e) if you fail to obtain or maintain this insurance, or you fail to arrange for us to be named as loss payee, we may (but in no event are required to) purchase such insurance which will secure only our interest in the property. The amount we pay for such insurance will be added to the secured obligations, will be immediately due, and will earn interest at the rate in effect on this contract, until paid in full.

**FILING** - A carbon, photographic or other reproduction of this security agreement may be used as a financing statement where permitted by law.

**GUARANTEE** - You guarantee the payment of this contract. You also agree that all the other terms of the contract will apply to you.

NAME ______________________

X ______________________

**THIRD PARTY AGREEMENT**

By signing within this enclosure, you agree to give us a security interest in and lien on the property that is described on the front side. You agree to be bound by the terms of this contract and security agreement but, regardless of any provision to the contrary contained herein, not to be liable for any payment it requires. You agree that we may, without releasing you or the property from this Third Party Agreement and without notice or demand upon you, renew, extend or change any term of this contract and security agreement, or take or release other security (including guaranties) for the obligations of any Buyer.

You waive (to the extent permitted by law):

(a) all notices and demands;

(b) any right to require that we foreclose on any particular security, sue any Buyer or any other person or pursue any other remedy we may have;

(c) any defense or claim against us arising out of the disability or non-liability of any Buyer for any reason other than full payment;

(d) all statutes of limitation to the extent permitted by law; and

(e) any defense or claim against us arising out of our election to foreclose on the property, by judicial or nonjudicial sale, or our election to exercise any other right or remedy we may have, even though that election extinguishes your right to reimbursement from the Buyer.

You acknowledge receipt of a completed copy of this contract and security agreement.

Date: ______________, 20 ____

X ______________________

Name

**ASSIGNMENT BY SELLER**

Seller sells and assigns to assignee (whose name is printed on the face of this contract) its successors and assigns, all its rights, title and interest in this retail installment contract, and any guarantee executed in connection with this contract. Seller gives assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this contract.

Seller warrants:

(a) this contract represents a sale by seller to buyer on a time price basis and not on a cash basis;

(b) that all of the terms of this contract are set forth on this document;

(c) the statements contained in this contract are true and correct;

(d) the down payment was made by the buyer in the manner stated on the face of this contract and no part of the down payment was loaned or paid to the buyer by seller or seller's representatives;

(e) the sale was completed in accordance with all laws and regulations affecting this sale, including, but not limited to, the Federal Truth-in-Lending Act, the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, Federal Equal Credit Opportunity Act, the Federal Trade Commission Act, and any regulations pertaining to these laws;

(f) that all disclosures made in this contract under federal and state laws have been properly made under those laws;

(g) the buyer was not a minor and had the capacity to enter into this contract;

(h) this contract is valid and enforceable in accordance with its terms;

(i) the names and signatures on this contract are not forged, fictitious or assumed, and are true and correct;

(j) this contract is not subject to any claims or defenses on the part of the buyer;

(k) a completely filled-in copy of this contract was delivered to the buyer at the time of execution; and

(l) the property has been delivered to the buyer in good condition and has been accepted by the buyer.

If any of these warranties is breached or untrue, seller will, upon assignee's demand, purchase this contract from assignee. The purchase shall be in cash in the amount of the unpaid balance (including interest) plus the cost and expenses of assignee, including attorneys' fees.

Seller will indemnify assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against assignee as a result of a claim or defense buyer has against seller.

Seller waives notice of the acceptance of this assignment, notice of non payment or non-performance and notice of any other remedies available to assignee.

Assignee may, without notice to seller, and without affecting the liability of seller under this assignment, compound or release any rights against, and grant extensions of time for payment to be made, to buyer and any other person obligated under this contract.

This assignment shall be **WITHOUT RECOURSE**, except as stated above.

*STATE OF ARKANSAS* }
*COUNTY OF* ______________ } ss

*I, the undersigned Notary Public, duly commissioned, qualified and acting within and for said County and State, hereby certify that I have compared the within instrument with the original and that the within instrument is a true and correct copy of such original instrument.*

*IN WITNESS WHEREOF, I have hereunto set my hand and official seal this* ________ *day of* ______________, 20 ____.

*My commission Expires* ______________

*NOTARY PUBLIC*